UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

THE DWYER LAW FIRM, L.L.C.
17 Academy Street, Suite 1010
Newark, New Jersey 07102
(973) 242-3636
Andrew Dwyer (AD-7793)
La Toya L. Barrett (LB-2797)
Attorneys for Plaintiff

| | |
|---|---|
| SAMARA KLAFTER, | Hon._____ |
| Plaintiff, | Civil Action No._____ |
| v. | |
| CAMP KENNYBROOK, INC., HOWARD LANDMAN, and STACEY LANDMAN, | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

I. **PRELIMINARY STATEMENT**

1. This is an action for unlawful discrimination in employment, based on the employer's discriminatory conduct, and based on the discriminatory termination of Plaintiff's employment.

II. **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the Complaint states a cause of action arising under federal law. Jurisdiction over Plaintiff's pendent state law claims is invoked pursuant to 28 U.S.C. § 1367.

1

3. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York and because the corporate Defendant "resides" in the Southern District of New York within the meaning of 28 U.S.C. § 1391.

### III. PARTIES

4. Plaintiff Samara Klafter is a citizen of the State of New York residing in Woodbury, New York.

5. Defendant Camp Kennybrook, Inc. (hereinafter "Camp Kennybrook"), upon information and belief, is a corporation organized under the laws of the State of New York, with its principal place of business located at 633 Saw Mill River Road in Ardsley, New York.

6. Camp Kennybrook also has a summer location, which is located at 73 Camp Road in Monticello, New York.

7. Defendant Howard Landman is currently the co-Owner and Director of Camp Kennybrook, and resides at 44 Blueberry Drive in Woodcliff Lake, New Jersey. Defendant Howard Landman is sued in both his individual and representative capacity.

8. Defendant Stacey Landman is currently the co-Owner and Director of Camp Kennybrook, and resides at 422 72nd Street in New York, New York. Defendant Stacey Landman is sued in both her individual and representative capacity.

## IV. FACTUAL ALLEGATIONS

9. On or about November 12, 2009, Plaintiff applied to be a Camp Counselor Assistant for the 2010 summer camp session at Camp Kennybrook.

10. Plaintiff was hired for the Camp Counselor Assistant position, and thus became a Camp Kennybrook employee.

11. Camp Kennybrook was Plaintiff's employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12111.

12. Plaintiff was diagnosed with Obsessive-Compulsive Disorder ("OCD") when she was about seven (7) years old, and continues to suffer from OCD to this day.

13. Plaintiff is disabled within the meaning of the American with Disabilities Act, 42 U.S.C. § 12102, because her OCD is a physical and/or mental impairment that substantially limits one or more of her major life activities.

14. Plaintiff is disabled within the meaning of the New York State Human Rights Law.

15. Plaintiff is disabled within the meaning of the New Jersey City Human Rights Law.

16. Plaintiff has attended Camp Kennybrook as a camper every year since 2002, when she was about nine (9) years old.

17. At all times relevant herein, Plaintiff's OCD and disability were known to Defendants Howard and Stacey Landman.

3

18. Not withstanding her disability, Plaintiff was able to perform all of the essential functions of her job with reasonable accommodation.

19. Camp Counselors were scheduled to arrive at Camp Kennybrook's summer location in June, 2010 for staff orientation.

20. On or about Tuesday, June 22, 2010, Plaintiff learned that she had been assigned to Bunk I for the summer.

21. Bunk I was one of the oldest bunks at Camp Kennybrook, and it had not been renovated. Bunk I was extremely dirty, and therefore notorious among Camp Kennybrook's staff and campers for its filthiness.

22. As soon as Plaintiff walked into Bunk I, she began to feel anxious and ill because of her OCD.

23. Plaintiff complained about the dirty bunk to her superior, Andi Karow. Plaintiff told Ms. Karow that she did not want to be assigned to Bunk I due to her disability.

24. Ms. Karow told Plaintiff that she would pass on her complaint to the Assistant Director of Camp Kennybrook, Ms. Colleen McGourley.

25. Plaintiff's bunk was not changed that day, and she was forced to spend the night in Bunk I. Plaintiff cried the entire night and was unable to sleep due to her disability, and Camp Kennybrook's failure to accommodate her.

26. The following day, on or about Wednesday, June 23, 2010, Plaintiff continued to complain to Ms. Karow about her assignment to Bunk I.

4

27. That same day, Plaintiff complained to Phil Edelson, Assistant Director at Camp Kennybrook, about her assignment to Bunk I. Plaintiff sought an accommodation for her disability by requesting that her bunk assignment be changed.

28. Phil Edelson told Plaintiff that although her OCD was legitimate, he did not think that the Defendants would do anything about it.

29. Phil Edelson also told Plaintiff that he could not help her because he did not have the power to change her bunk assignment. Mr. Edelson suggested that Plaintiff talk to Colleen McGourley and/or Defendant Stacey Landman.

30. Again, nothing was done by Defendants to accommodate Plaintiff's disability.

31. Unable to sleep in Bunk I again that night, Plaintiff slept with a friend in another bunk.

32. On or about Thursday, June 24, 2010, Plaintiff's mother called Camp Kennybrook regarding the assignment to Bunk I. Plaintiff's mother also sought an accommodation for her daughter's disability by requesting a change in Plaintiff's bunk assignment.

33. Plaintiff's mother was told by Ms. Karow that Defendant Stacey Landman was aware of the situation and would handle it. However, Plaintiff's bunk assignment still was not changed, and Plaintiff's OCD forced her to sleep with a friend in another bunk for a second night.

34. Although Defendant Stacey Landman was aware of Plaintiff's OCD and complaints, Defendant Stacey Landman refused to accommodate Plaintiff's disability.

35. The following day, on or about Friday, June 25, 2010, Plaintiff complained directly to Colleen McGourley, and sought an accommodation for her disability. Ms. McGourley told Plaintiff that she completely understood the situation and was certain that Defendant Stacey Landman would change her bunk assignment.

36. It is well known among Camp Kennybrook's staff and campers that bunk assignments can be changed for a variety of reasons, including but not limited to personality conflicts between individuals in the same bunk, which is why Colleen McGourley was certain Plaintiff's bunk assignment would be changed.

37. Upon information and belief, a Camp Counselor Assistant was not assigned to Bunk C.

38. However, later that day, Colleen McGourley told Plaintiff that Defendant Stacey Landman said, "nothing can be done."

39. Upset and in tears, Plaintiff went to Defendant Stacey Landman to personally request an accommodation for her disability by requesting a change in bunk assignment.

40. Defendant Stacey Landman acknowledged that she was well aware of Plaintiff's OCD and complaints.

41. Instead of providing a reasonable accommodation for Plaintiff's disability by changing her bunk assignment, Defendant Stacey Landman suggested that Plaintiff should go home since she is not happy at Camp Kennybrook.

42. Plaintiff reminded Defendant Stacey Landman that her reaction to Bunk I is uncontrollable because of her OCD. Plaintiff told Defendant Stacey Landman that she simply cannot stay in Bunk I because of her disability.

43. Plaintiff also told Defendant Stacey Landman that she was willing to switch to any other cleaner bunk. Plaintiff continued to seek a reasonable accommodation for her disability by suggesting several bunk reassignments.

44. Although there were several options possible for a reasonable accommodation of Plaintiff's disability, Defendant Stacey Landman unreasonably denied each one of Plaintiff's bunk reassignment suggestions.

45. Defendant Stacey Landman suggested that Plaintiff ask Molly Karow, a fellow Camp Kennybrook Counselor, to switch bunks with her. However, if Molly Karow did not want to switch, then Plaintiff would have to remain in Bunk I.

46. Even though Plaintiff personally reminded Defendant Stacey Landman about her disability, Defendant Stacey Landman told Plaintiff that there was nothing Camp Kennybrook could do for her.

47. Defendant Stacey Landman told Plaintiff that if she could not stay in Bunk I, then Plaintiff would have to discontinue her stay and employment with Defendants.

48. Defendants denied Plaintiff a reasonable accommodation for her disability, and Plaintiff's employment with Defendants was terminated.

49. In an attempt to save Plaintiff's job with Defendants, Plaintiff's mother called Defendant Stacey Landman.

50. During the phone conversation, Defendant Stacey Landman repeated everything that she told Plaintiff, including her suggestion that Plaintiff ask Molly Karow to switch bunks with her.

51. Although Defendants are responsible for the reasonable accommodation of their employees with disabilities, Plaintiff's mother told Defendant Stacey Landman that she would talk to her daughter about asking Molly Karow to switch bunks.

52. However, Defendant Stacey Landman replied that the offer to ask Molly Karow to switch bunks was now off of the table.

53. Despite her knowledge of Plaintiff's disability, Defendant Stacey Landman again stated that there was nothing that Defendants could do for Plaintiff, and Plaintiff's employment with Defendants was terminated.

54. Plaintiff's parents picked Plaintiff up from Camp Kennybrook that evening.

55. On or about Saturday, June 26, 2010, Plaintiff's parents emailed both Defendants Howard and Stacey Landman expressing their concerns

8

about the way Plaintiff was treated by Defendants. Specifically, Plaintiff's parents pointed out that Plaintiff suffers from a disability, and changing Plaintiff's bunk assignment was a reasonable request.

56. In that email, Plaintiff's parents again sought a reasonable accommodation for their daughter's disability by requesting that Plaintiff be returned to Camp Kennybrook with a new bunk assignment.

57. Although Defendant Howard Landman is aware of Plaintiff's OCD and complaints, Defendant Howard Landman refused to accommodate Plaintiff's disability.

58. In his email response, Defendant Howard Landman unreasonably denied the accommodation for Plaintiff's disability by refusing to allow her to return to Camp Kennybrook with a new bunk assignment.

59. Plaintiff made an appropriate request for an accommodation for her disability, by asking that her bunk assignment be changed to a cleaner bunk.

60. However, Defendants made no effort to accommodate Plaintiff's disability, and made no effort to explore a bunk reassignment or any other options for Plaintiff to continue to work.

61. Instead, Plaintiff was discharged from her employment with Defendants.

62. Defendants without justification denied plaintiff any reasonable accommodation for her disability.

63. Defendants terminated plaintiff's employment because of her disability.

64. The termination of plaintiff's employment was without just cause.

65. The acts of defendants constitute discrimination on the basis of disability.

66. The acts of the individual Defendants Howard and Stacey Landman described herein have been committed within the scope of their employment.

67. Defendant Camp Kennybrook has delegated to Defendants Howard and Stacey Landman the authority to control the work environment of Plaintiff.

68. Defendants Howard and Stacey Landman abused the authority delegated to them by defendant Camp Kennybrook when they discriminated against plaintiff.

69. Defendant Camp Kennybrook is strictly liable for the actions of defendants Howard and Stacey Landman in discriminating against plaintiff.

70. Defendant Camp Kennybrook is vicariously liable for the actions of defendants Howard and Stacey Landman in discriminating against plaintiff.

71. Defendant Camp Kennybrook had actual and/or constructive knowledge of the discrimination against Plaintiff, but it have failed and refused to take appropriate and effective steps to rectify the situation.

72. Defendant Camp Kennybrook acted with willful indifference to the discrimination against plaintiff.

73. Defendant Camp Kennybrook authorized, participated in and/or ratified or condoned the discrimination against Plaintiff.

74. The actions of Defendants described herein had a malicious and egregious motive.

75. The foregoing conduct of Defendants was willful and intentional and evidenced Defendants' reckless and/or callous indifference.

76. Defendants acted with wanton recklessness and/or reckless indifference.

77. The acts of Defendants were meant to cause, or caused in a gross or reckless manner, egregious and unjustified harm to Plaintiff.

78. Defendants' conduct was intentional and motivated by actual malice and ill will.

79. Defendants acted in bad faith.

80. Defendant Camp Kennybrook acted with willful indifference and reckless disregard toward the unlawful discrimination against plaintiff.

81. Upper level management of Camp Kennybrook either approved or acted with will indifference or reckless disregard to the unlawful discrimination against plaintiff, so as to warrant punitive damages against Camp Kennybrook.

82. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer personal hardships, including economic loss, stigma, physical and emotional distress, pain and suffering, humiliation, family and social disruption and other grievous harm.

83. By the foregoing conduct, defendants discriminated against plaintiff on the basis of her disability.

84. By the foregoing conduct, Defendants Howard Landman and Stacey Landman have aided and abetted Defendant Camp Kennybrook in the discrimination against Plaintiff.

85. There is no fully adequate remedy at law.

## V. CONDITIONS PRECEDENT

86. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendants, which satisfied the requirement of 42 U.S.C. § 2000e-5, on or about December 17, 2010. This filing was made within 300 days of all ADA violations by Defendants. Pursuant to a dual filing arrangement, and in accordance with the EEOC's normal operating procedures, those charges, upon information and belief, were also forwarded and filed with the New York Division on Human Rights.

87. On or about December 13, 2011, the EEOC issued a right to sue letter authorizing Plaintiff to pursue this matter by filing a lawsuit within ninety (90) days of receipt of the right to sue letter. A true and correct copy of the right to sue letter is annexed hereto as **Exhibit A**. As a result, Plaintiff has fully complied with her statutory and administrative prerequisites for bringing this action.

88. At or before the commencement of this action, notice thereof was provided to the Attorney General of the State of New York, as provided by N.Y. Civ. Rights Laws, § 40-d.

89. Prior to the commencement of this action, a copy of this Complaint was served upon the New York City Commission on Human Rights and the New York City Corporation Counsel, as provided by the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502(c).

### FIRST CAUSE OF ACTION

90. Defendants' conduct constitutes a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.

### SECOND CAUSE OF ACTION

91. Defendants' conduct constitutes a violation of the New York State Human Rights Law.

### THIRD CAUSE OF ACTION

92. Defendants' conduct constitutes a violation of the New York City Human Rights Law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Samara Klafter demands judgment and an Order:

A. Awarding compensatory damages for all economic loss, including but not limited to lost pay, bonuses, incentive pay and all other benefits to which she is entitled;

B. Awarding compensatory damages for all other economic loss, physical and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, family and social disruption and other grievous harm.

C. Awarding punitive damages;

D. Awarding costs and disbursements of this suit, including reasonable attorney's fees;

E. Awarding pre-judgment interest; and

F. Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all actions triable to a jury.

Respectfully submitted,

THE DWYER LAW FIRM, L.L.C.
Attorneys for Plaintiff

By: *[signature]*
La Toya L. Barrett (LB/2797)

Dated: 3/8/12

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Samara Klafter
102 Bristol Drive
Woodbury, New York 11797

Re:  EEOC Charge No. 520-2011-00886
     Klafter v. Camp Kennybrook

Dear Ms. Klafter:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of your disability.

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has been received and analyzed. Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Please contact Investigator Amon Kinsey at (212) 336-3680 if you have any questions.

Sincerely,

_Kevin Berry_ for                                    12/13/11
Kevin Berry                                          Date
District Director

cc:  La Toya L. Barrett, Esq.
     17 Academy Street, Suite 1010
     Newark, NJ 07102

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Samara Klafter<br>102 Bristol Drive<br>Woodbury, NY 11797 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2011-00886 | Amon L. Kinsey, Jr.,<br>Investigator | (212) 336-3680 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry                                    12/13/11
Kevin J. Berry,                                   (Date Mailed)
District Director

Enclosures(s)

cc:
CAMP KENNYBROOK
c/o Elizabeth R. Gorman, Esq.
Milber Makris Plousadis & Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury NY 11797

La Toya L. Barrett, Esq.
THE DWYER LAW FIRM, LLC
17 Academy Street, Suite 1010
Newark, NJ 07102

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*